UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD URRUTIA,<br><br>  Plaintiff,<br><br>  v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:25-cv-00650-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff Edward Urrutia's Complaint for Review of Final Decision of the Commissioner of Social Security and his Brief in support thereof. ECF Nos. 1, 8. The Court reviewed Plaintiff's Brief (ECF No. 8), the Commissioner's Brief (ECF No. 12), and Plaintiff's Reply (ECF No. 13). The Court finds as follows.

**I.   Background**

Plaintiff filed a Title II application for disability and disability insurance benefits with an alleged onset date of October 31, 2019. Administrative Record ("AR") 551-552. The Social Security Administration denied Plaintiff's application initially and upon reconsideration. AR 417-20; 430-32. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"), which was held on March 13, 2024. AR 360-390; 447-448. The ALJ issued her decision finding Plaintiff was not disabled on April 1, 2024. AR 36-46. Plaintiff requested review of the ALJ's decision that was denied by the Appeals Counsel on February 20, 2025. AR 1-4; 546-547. Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**II.   Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

> (a)   the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b)   the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps include:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098-99 (internal alterations omitted).

**III.   Discussion**

    A.   <u>Summary of ALJ's Findings</u>.

The ALJ applied the 5-step sequential analysis under 20 C.F.R. § 404.1520 and determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024. AR 38. The ALJ found Plaintiff had not engaged in substantial gainful activity since October 31, 2019, his alleged disability onset date (step one). *Id.* The ALJ determined Plaintiff has severe impairments of asthma, degenerative disc disease of the lumbar spine, right foot calcific plantar

3

fasciitis, bilateral heel spurs and obstructive sleep apnea (step two). AR 38-39. The ALJ then stated Plaintiff's impairments did not meet or equal the criteria in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1 (step three). AR 39. The ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: (1) never climb ladders, ropes or scaffolds; (2) occasional stoop; (3) occasionally climb ramps or stairs; (4) frequent kneeling, crouching and crawling; (4) avoid extreme cold, vibration, or pulmonary irritants defined as atmospheric conditions, and (5) hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers. *Id.* After considering past relevant work within the last 15 years, the ALJ concluded Plaintiff could perform his past relevant work as an office machine servicer/repairer (step 4), and thus, Plaintiff was not disabled. AR 44-45.

B.   The Parties' Arguments.

Plaintiff's argument hinges on the actions of the Appeals Council. During the pendency of Plaintiff's appeal, the Social Security Administration amended the definition of past relevant work to shorten the relevant timeframe and explained the new rule would apply to claims filed or pending on or after June 22, 2024. ECF No. 8 at 5, *see* SSR 24-2p, 2024 WL 2846571, at n.1. Because Plaintiff's appeal was pending as of June 22, 2024, Plaintiff argues that the Appeals Council was required to apply the new timeframe, and to the extent that it did, the Appeals Council erred. ECF No. 8 at 6.

In opposition, the Commissioner argues that the ALJ properly found that Plaintiff could perform past relevant work under the old timeframe. ECF No. 12 at 4. The Commissioner does not appear to argue the applicability of the new timeframe. Instead, the Commissioner says that "even indulging Plaintiff's legal position for the sake of argument," Plaintiff cannot show a reversible error under either timeframe. *Id*. at 5.

C.   Analysis.

On June 22 2024, the Social Security Administration's amended regulations regarding the definition of "past relevant work" went into effect. *See Dodge v. Dudek*, Case No. 24-2899, 2025 WL 1099705, at *2 (9th Cir. Apr. 14, 2025), *see also* 89 Fed. Reg. 48138 (June 5, 2024). Specifically, the amended definition changed the lookback period for past relevant work from 15

years to 5 years. *Id*. The Social Security Administration explained the amendment would apply prospectively to claims filed or pending from June 22, 2024, onward. SSR 24-2p, 2024 WL 2846571, at n.1. In accord with the Commissioner's guidance, the Ninth Circuit has declined to apply the 5-year lookback period to cases finalized before June 22, 2024. *E.g. Dodge*, 2025 WL 1099705 at *2. Since Plaintiff's claim was pending before the Appeals Council on June 22, 2024, the Court must analyze the administrative decision under the 5-year lookback period. *Mary C. E. v. Bisignano*, Case No. ED CV 25-1269-E, 2025 WL 2970248, at *9 (C.D. Cal. Oct. 20, 2025), *see also Ruiz v. Bisignano*, Case No. SA-24-CV-1039-XR-HJB, 2025 WL 2046416, at *5 (W.D. Tex. June 26, 2025), *report and recommendation adopted,* Case No. SA-24-CV-01039-XR, 2025 WL 2042773 (W.D. Tex. July 21, 2025).

The Court finds the Commissioner did not commit reversible error. There have been few occasions for courts to review similar cases. In *Mary C.E.*, the Court applied the 5-year lookback period and remanded because it was unclear whether the plaintiff's only employment within the 5-year period would qualify as a substantial gainful activity. 2025 WL 2970248, at **10-12. Similarly in *Ruiz*, the Court remanded because in applying the 5-year lookback period—as the Appeals Council averred it had—the Court found it was unclear if any of the plaintiff's jobs would qualify as past relevant work for the 5-year period. 2025 WL 2046416 at *5.

Unlike *Mary C.E.* and *Ruiz*, there is no dispute that Plaintiff had a job in October 2019 that could be considered past relevant work. *E.g.* ECF No. 8 at 2. Instead, the parties dispute when the 5-year lookback period begins. *See* ECF No. 13 at 4. Plaintiff argues that because the ALJ's decision was not final until the Appeals Council denied review on February 20, 2025, the 5-year lookback period begins from that date. *Id*. In opposition, the Commissioner argues the lookback period begins with the date of the ALJ's decision: April 1, 2024. ECF No. 12 at 5; AR 46. Which date governs is determinative because Plaintiff would only have past relevant work under the latter's proposed time period.

The Court agrees with the Commissioner and finds that the 5-year lookback period begins from the date of the ALJ's decision. In *Obrien v. Bisignano*, 142 F.4th 687, 702 (9th Cir. 2025), the Ninth Circuit adjudicated the regulation before the amendment and found the lookback period for

past relevant work began on the date of the ALJ's decision despite the Appeals Council's later denial of review. *Id*. Although the length of the lookback period is different from what was before the Ninth Circuit in *Obrien*, Plaintiff has not shown why *Obrien*, and the Court finds no reason to conclude, the change in the regulation would lead to a change in the date from which the lookback period would commence. That is, whether an ALJ is to lookback five or fifteen years to determine whether a claimant can perform past relevant work changes what information is considered, this change does not implicate the start date for that period, which was recently determined by the Ninth Circuit. Further, this analysis conforms with decisions by the Central District of California. *Mary C.E.*, 2025 WL 2970248 at *10 (applying the lookback window to include plaintiff's work in 2019, implying the court applied the lookback period from the ALJ's decision, rather than the Appeals Council's denial of review in 2025); *Cathy M. v. Bisignano*, Case No. CV 25-01822-DFM, 2025 WL 2390843 (C.D. Cal. Aug. 15, 2025) (noting that the lookback period appears to start from the ALJ's decision per *Obrien*, but remanding because plaintiff did not have relevant work experience within 5 years of either the date of the ALJ's decision or the Appeals Council's denial of review).

Finding 5-year lookback period commences with the date of the ALJ's decision, the Court finds there is substantial, undisputed evidence to support the Commissioner's decision that Plaintiff could perform past relevant work.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint and Brief seeking reversal and remand (ECF Nos. 1, 8) are DENIED.

IT IS FURTHER ORDERED that the Clerk of Court must close this case and enter judgment accordingly.

DATED this 19h day of November, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE